NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELIZABETH MONROE, PETITIONER, v. JOSEPH A. KANTOR, RESPONDENT.

For the petitioner, *Paul M. Salsbury.*

For the respondent, *Orlando & Kisselman.*

\*       \*       \*       \*       \*       \*       \*

The testimony as taken at this trial shows that Charles G. Monroe was employed by the respondent on June 24th, 1931, on which day while changing a tire besides the road he was struck by a passing automobile, which accident caused a fracture of the skull, internal injuries and instant death. The petitioner brings action against the respondent for compensation as the deceased's dependent wife. It appears from the testimony that the deceased was formerly married and lived with his wife and two children in Connecticut; that at some time prior to 1925 he deserted his family and came to New Jersey, and that a number of years ago he was joined by the petitioner who lived with him as his wife. It further appears that the deserted wife in Connecticut instigated divorce proceedings and was granted a divorce on October 16th, 1925, and given the custody of her two minor children. The record shows that the petitioner was never married to the deceased as the result religious services or married as the result of a civil service. She claims to be his common law wife, and there is abundant testimony that the deceased introduced her

as his wife and in other ways gave those with whom they came in contact to understand that she was actually his wife.

The law of New Jersey recognizes as valid the relationship of husband and wife following religious rights according to the requirements of various religious denominations or a civil ceremony performed by one legalized to solemnize such a contract. A common law marriage is also recognized by the law of this state providing there be a valid agreement entered into between the contracting parties and that there is no empediment preventing either one or the other from conscientiously entering into such a contract. The mere fact that the man may introduce a woman to his associates as his wife certainly cannot constitute the meeting of the minds of the two persons in solemn contract of the relationship of husband and wife. Such introduction may be made purely in jest or for some other purpose not involving an actual intention to live together as man and wife. If there be any impediment which would prevent a legal marriage or a religious ceremony, such impediment would prevent a common law relationship.

The record in the case at bar shows conclusively that the petitioner knew that Charles Monroe was married when she went to live with him and so far as she was concerned prevented her entering into a common law relationship at that time nor could she at any time thereafter have a valid understanding with the deceased with regard to common law marriage while she was under the impression that he was still the husband of a living wife. According to her own testimony, she never knew that there had been a divorce decree. Consequently, so far as she was concerned there was always this impediment to her entering into a valid contract with the deceased. I am constrained to believe, therefore, that under these circumstances she was not the legal wife of the deceased and consequently is not in a legal position to claim dependency under that relationship under the terms of the Workmen's Compensation law.

Petition dismissed.

W. E. STUBBS,
*Deputy Commissioner.*